# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| DARYL ANTHONY GREEN,<br><br>    Appellant,<br><br>    v.<br><br>1900 CAPITAL TRUST II, *by U.S. Bank Trust National Association, not in its Individual Capacity but Solely as Certificate Trustee*, and<br>NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING,<br><br>    Appellees. | Civil Action No. TDC-19-2270 |
| DARYL ANTHONY GREEN,<br><br>    Appellant,<br><br>    v.<br><br>NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING and<br>1900 CAPITAL TRUST II, *by U.S. Bank Trust National Association, not in its Individual Capacity but Solely as Certificate Trustee*,<br><br>    Appellees. | Civil Action No. TDC-19-3132 |

## MEMORANDUM OPINION

Appellant Daryl Anthony Green has appealed two Orders of the United States Bankruptcy Court for the District of Maryland arising out of Green's Chapter 13 bankruptcy proceeding. The first appeal, Case No. TDC-19-2270 ("the 2270 Appeal"), against Appellees 1900 Capital Trust II, by U.S. Bank Trust National Association, not in its Individual Capacity but Solely as Certificate

Trustee ("1900 Capital") and NewRez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint"), seeks review of an Order overruling his objection to a proof of claim filed by 1900 Capital. The second appeal, Case No. TDC-19-3132 ("the 3132 Appeal"), seeks review of an Order dismissing a related adversary proceeding brought by Green against the same two entities. For the reasons set forth below, the Order in the 2270 Appeal will be AFFIRMED IN PART and VACATED AND REMANDED IN PART, and the Order in the 3132 Appeal will be AFFIRMED.

## BACKGROUND

### I. The Mortgage Loan

On August 24, 2007, Green executed a note ("the Note") promising to repay a $417,000 mortgage loan issued by C&F Mortgage Corporation ("C&F Mortgage"). The same day, Green also executed a deed of trust ("the Deed of Trust") granting Mortgage Electronic Registration Systems, Inc. ("MERS"), acting as a nominee of C&F Mortgage, a security interest in the property at 15416 Cedar Drive in Accokeek, Maryland ("the Property").

C&F Mortgage subsequently indorsed the Note to Franklin American Mortgage Co., which in turn indorsed it to Wells Fargo Bank, N.A. ("Wells Fargo"). On October 24, 2009, Green and Wells Fargo entered into a loan modification agreement granting Green a temporary reprieve on his payments on the Note while increasing the Note's unpaid principal balance to $424,323.19. At some point, Wells Fargo indorsed the Note in blank. Two allonges to the Note were later executed, one reflecting the transfer of the Note from MCM Capital Homeowners Advantage Trust IX ("MCM Capital") to Newbury Place Ventures IV, LLC and the other reflecting the transfer of the Note from Newbury Place Ventures IV, LLC to Citibank, N.A., as Trustee for CMLTI Asset Trust ("Citibank").

Separately, the Deed of Trust was assigned numerous times. On March 15, 2012, the Deed of Trust was assigned directly from C&F Mortgage to Wells Fargo. On September 13, 2012, Wells Fargo assigned the Deed of Trust to MCM Capital. After that assignment, the Deed of Trust was assigned, with documentation, eight more times, the last of which was an assignment on December 28, 2018, from U.S. Bank National Association, as Trustee for PROF-2014-S2 Legal Title Trust to 1900 Capital. It is 1900 Capital that now claims the right to enforce the Deed of Trust and the Note.

## II.     Related Litigation

On June 11, 2015, a foreclosure action on the Property was filed in the Circuit Court for Prince George's County, Maryland. *Rosenberg v. Green*, No. 15-16453 (Md. Cir. Ct.); *see In re Papatones*, 143 F.3d 623, 625 n.3 (1st Cir. 1998) (noting in a bankruptcy appeal that "appellate courts may notice another court's record as an adjudicative fact"); *see also Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). After protracted litigation, including the removal of the case to federal court, a subsequent remand to state court, and two appeals to the Court of Special Appeals of Maryland, one of which remains unresolved, this case appears to have been stayed on March 21, 2019 as a result of Green's bankruptcy petition.

Separately, on March 17, 2017, Green filed a case in the United States District Court for the District of Maryland against the parties and attorneys involved in the foreclosure case, raising several different causes of action under federal and state law. *Green v. Rosenberg & Assocs., LLC*, No. PJM-17-0732, 2018 WL 1183655, at *1-2 (D. Md. Mar. 7, 2018). The court (Messitte, J.) dismissed the case on March 7, 2018, *id.* at *8, and denied Green's motion for reconsideration on April 19, 2018, *Green v. Rosenberg & Assocs., LLC*, No. PJM-17-0732, 2018 WL 1872517, at *3 (D. Md. Apr. 19, 2018). On July 23, 2018, both orders were affirmed by the United States Court

of Appeals for the Fourth Circuit. *Green v. Rosenberg & Assocs., LLC for PrimeStar-H Fund I Tr.*, 731 F. App'x 240, 241 (4th Cir. 2018).

### III. The Bankruptcy Proceedings

#### A. The Proof of Claim

On March 18, 2019, Green filed a Petition for Chapter 13 Bankruptcy in the United States Bankruptcy Court for the District of Maryland. As part of that proceeding, 1900 Capital, in conjunction with its loan servicer, Shellpoint, filed a proof of claim asserting that Green owed $687,049.04 based on the Note ("the Proof of Claim"). The Proof of Claim also noted that the claim was secured by a Deed of Trust for the Property. Appellees attached to their Proof of Claim the Note, the Deed of Trust, the 2009 loan modification, and the complete chain of title for the Deed of Trust from C&F Mortgage to 1900 Capital.

On June 24, 2019, Green filed an Objection to the Proof of Claim. He asserted that the Note submitted by Appellees was fraudulent and that his alleged signature on the Note was forged. In addition, he claimed that he possessed "original wet ink and canceled notes." Objection at 6, ECF No. 6-5, TDC-19-2270. On that basis, he "challenge[d]" Appellees "to produce the original mortgage note." *Id.* at 5. Green also challenged Appellees' ownership of the Note and the validity of the evidence of the chain of title that Appellees submitted with their claim.

Among other irregularities, Green noted that Wells Fargo had filed a document in the Office of the Clerk of Prince George's County acknowledging that its assignment of the Deed of Trust had been executed in error and was withdrawn. He claimed that Wells Fargo had previously sought to begin foreclosure proceedings against him and had included in the foreclosure notice certain documents reflecting that the owner of the Note was the Federal National Mortgage Association. Green also asserted that the statute of limitations for foreclosure had expired, barring

Appellees from asserting their claim. Finally, he asserted that the Note was not properly indorsed in blank because of the two allonges to the Note.

Appellees responded to Green's Objection by asserting that they had properly substantiated their claim and that Green had not properly established any of the grounds for disallowance of a claim set out in 11 U.S.C. § 502(b).

On July 24, 2019, the bankruptcy court issued an Order overruling Green's Objection to Appellees' claim. The court held that the evidence submitted by Appellees satisfied the requirements for a proof of claim and thus was *prima facie* evidence of the claim's validity under the Federal Rules of Bankruptcy Procedure. The court further found that Green had not produced evidence to overcome that presumption of validity. In particular, the court noted that Green asserted "wet ink" and "show me the note" arguments and that such arguments are unsupported by Maryland law. Order at 2-3, ECF No. 6-27, TDC-19-2270. On August 6, 2019, Green filed a notice of appeal as to this order, resulting in the 2270 Appeal.

On August 1, 2019, Green filed a second Objection to the Proof of Claim, which the bankruptcy court overruled on August 30, 2019.

### B. The Adversary Proceeding

On August 6, 2019, the same day that Green filed his notice of appeal resulting in the 2270 Appeal, Green filed an Adversary Complaint in the bankruptcy court against Appellees. The Adversary Complaint claimed that his "objection to the bankruptcy proof of claim should have been legally sustained and the claim disallowed in its entirety." Adversary Compl. at 12, ECF No. 7-1, TDC-19-3132. Green identified several grounds for his argument: the running of the statute of limitations, defects in the chain of title, Wells Fargo's rescission of its assignment of the Note, the effect of the allonges to the Note, and the fact that entities other than Appellees had initiated

foreclosure proceedings against Green in state court. Other than its inclusion of an allegation under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968 (2018), arising from the same facts, the Adversary Complaint is largely identical to Green's first Objection to Appellees' Proof of Claim.

Appellees moved to dismiss the adversary proceeding. They first argued that because it raised the same issues as those contained in Green's Objection to the Proof of Claim, Green's appeal of the order overruling his Objection divested the bankruptcy court of jurisdiction over the adversary proceeding. They also argued that Green's claims failed on the merits.

After Green initially failed to respond to this motion, the bankruptcy court issued an order on October 2, 2019 granting the motion to dismiss based on the failure to oppose the motion. On October 11, 2019, Green filed a motion for reconsideration, arguing that the dismissal for failure to respond was premature and that he was, in fact, prosecuting his case. With that motion, he submitted a memorandum in opposition to the motion to dismiss. On October 21, 2019, the bankruptcy court denied the motion for reconsideration on the grounds that Green's pending appeal had divested the bankruptcy court of jurisdiction over the adversary proceeding.

On October 28, 2019, Green filed a notice of appeal, resulting in the 3132 Appeal. Although Green specifically identified only the bankruptcy court's initial order granting the motion to dismiss as the order on appeal, where Green also referenced the order denying the motion for reconsideration, the Court will also consider this latter order in addressing Green's appeal.

## DISCUSSION

### I. Standard of Review

The Court has jurisdiction over these appeals because both of the bankruptcy court's orders are final orders. 28 U.S.C. § 158(a)(1) (2018); *see Gold v. Guberman* (*In re Computer Learning*

*Ctrs., Inc.*), 407 F.3d 656, 660 (4th Cir. 2005) (stating that "orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case" (quoting *In re Saco Local Dev. Corp.*, 711 F.2d 441, 444 (1st Cir. 1983))). A district court reviews the bankruptcy court's legal conclusions *de novo* and its findings of fact for clear error. *Canal Corp. v. Finnman* (*In re Johnson*), 960 F.2d 396, 399 (4th Cir. 1992).

## II.     *Green v. 1900 Capital*, TDC-19-2270

In the 2270 Appeal, Green argues that the bankruptcy court erred in rejecting his Objection to the Proof of Claim for several reasons. Specifically, he asserts that the bankruptcy court lacked jurisdiction over the matter, that Appellees' claim was time-barred, and that the bankruptcy court improperly rejected his claims on the merits.

### A.     Motion to Strike

As a threshold issue, Green requested in his reply brief that Appellees' brief be stricken as untimely. The Appellant's brief was mailed by Green to the Court on November 29, 2019. Under Federal Rule of Bankruptcy 8018, "[t]he appellee must serve and file a brief within 30 days after service of the appellant's brief." Fed. R. Bankr. P. 8018(a)(2). Thirty days from November 29, 2019 would have been December 29, 2019, and Appellees' brief was not filed until January 2, 2020. However, because Green served his opening brief by mail, Appellees' brief was not due for an additional three days, which would be January 1, 2020. *See* Fed. R. Bankr. P. 9006(f). As January 1, 2020 was a federal holiday, Appellees' brief was due the next day, January 2, 2020, which is precisely the day Appellees filed their brief. Fed. R. Bankr. P. 9006(a)(1)(C). Green's Motion to Strike will therefore be denied.

**B.      Jurisdiction**

Green argues that the bankruptcy court's order overruling his objection to the Proof of Claim is invalid for lack of jurisdiction because it resolved a matter that is "considered non-core." Appellant's Br. at 7, ECF No. 11, TDC-19-2270.  Green is correct that certain claims are beyond the authority of bankruptcy courts to finally adjudicate without the consent of the parties. Bankruptcy courts are authorized by statute to "hear and determine . . . core proceedings," which include "allowance or disallowance of claims against the estate." 28 U.S.C. § 157(b).  Even where bankruptcy courts are statutorily authorized to decide such proceedings, however, the United States Supreme Court has held that Article III of the United States Constitution "prevents bankruptcy courts from entering final judgment on claims that seek only to 'augment' the bankruptcy estate and would otherwise 'exis[t] without regard to any bankruptcy proceeding.'" *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1941 (2015) (quoting *Stern v. Marshall*, 564 U.S. 462, 493, 499 (2011)).  The Court established this principle in *Stern v. Marshall*, 564 U.S. 462 (2011), in which the Court held that a bankruptcy court lacked jurisdiction to issue a final judgment on a state law counterclaim of tortious interference that the debtor had asserted against a creditor during the adjudication of the creditor's proof of claim.  *Id.* at 470, 503.  After first noting that the constitutional separation-of-powers principles enshrined in Article III prevent Congress from "withdraw[ing] from judicial cognizance any matter which, from its nature, is the subject of a suit at the common law, or in equity, or admiralty," *id.* at 484 (quoting *Murray's Lessee v. Hoboken Land & Improvement Co.*, 59 U.S. (18 How.) 272, 284 (1856)), the Supreme Court rejected several different arguments for why the state law counterclaim against a creditor could be constitutionally adjudicated by a non-Article III bankruptcy judge, including that there was jurisdiction because the creditor had filed a proof of claim in debtor's bankruptcy proceedings, *id.*

8

at 496-99.  The Court found a "distinction between actions that seek 'to augment the bankruptcy estate' and those that seek 'a pro rata share of the bankruptcy res.'"  *Id.* at 499 (quoting *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 56 (1989)).  "[T]he question is whether the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process."  *Id.*  Where in ruling on the counterclaim, the bankruptcy court "was required to and did make several factual and legal determinations that were not disposed of in passing on objections to [the creditor's] proof of claim," *id.* at 497 (citing *Katchen v. Landy*, 382 U.S. 323, 333 n.3 (1966)), the Supreme Court found that the bankruptcy court lacked jurisdiction to adjudicate it.

While in *Stern* the counterclaim at issue sought to augment the debtor's estate, Appellees are seeking no such thing through the Proof of Claim; rather, they seek a share of the estate itself. Indeed, the "primary purpose" of filing a proof of claim "is, of course, to share in any distribution." 4 *Collier on Bankruptcy* ¶ 501.1[1] (16th ed. 2010).  Moreover, because the Proof of Claim is a claim on the bankruptcy estate rather than, as in *Stern*, a claim by the debtor against a creditor, Appellees' claim will "necessarily be resolved in the claims allowance process."  *Stern*, 564 U.S. at 499.  There is no risk that the bankruptcy court would make factual and legal determinations outside of the claims allowance process:  the relevant claim is itself a proof of claim.  *See id.* at 497.  Consequently, the Court concludes that the bankruptcy court had jurisdiction over the Proof of Claim and had the authority to issue a final order on it.

### C. The Proof of Claim

Having determined that the bankruptcy court had the authority to issue the order overruling Green's objection to the Proof of Claim, the Court now assesses the merits of the order.

> The Bankruptcy Code establishes a burden-shifting framework for proving the amount and validity of a claim.  The creditor's filing of a proof of claim constitutes prima facie evidence of the amount and validity of the claim.  The burden then shifts to the debtor to object to the claim.  The debtor must introduce evidence to

9

> rebut the claim's presumptive validity. If the debtor carries its burden, the creditor has the ultimate burden of proving the amount and validity of the claim by a preponderance of the evidence.

*Stancill v. Harford Sands Inc.* (*In re Harford Sands Inc.*), 372 F.3d 637, 640 (4th Cir. 2004) (internal citations omitted). In determining the validity of the claim, "the basic federal rule in bankruptcy is that state law governs the substance of claims, Congress having generally left the determination of property rights in the assets of a bankrupt's estate to state law." *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 450-51 (2007).

Here, Green's objections are best understood as raising objections to both the *prima facie* validity of the Proof of Claim and the bankruptcy court's rejection of his Objection to the claim.

### 1. *Prima Facie* Evidence

The Federal Rules of Bankruptcy Procedure provide that if a proof of claim satisfies the various filing requirements set out in Rule 3001, it "shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). These requirements include that "when a claim, or an interest in property of the debtor securing the claim, is based on a writing, a copy of the writing shall be filed with the proof of claim," *id.* 3001(c)(1), and "[i]f a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected," *id.* 3001(d).

Green argues that the bankruptcy court erred in finding that the Proof of Claim was entitled to *prima facie* legitimacy under Rule 3001. Specifically, he argues that the note submitted with the Proof of Claim was not recorded and was not indorsed in a manner entitling them to enforce it. Neither of these arguments succeed. First, there is no requirement that a note be recorded in order to be enforceable. Md. Code Ann., Com. Law § 3-301 (LexisNexis 2013) (setting out the requirements for a person entitled to enforce a note without reference to any recording requirement). *Cf. Leith v. Deutsche Bank Nat'l Tr. Co.*, No. RDB-15-1672, 2016 WL 704306, at

\*4 (D. Md. Feb. 23, 2016) (rejecting the claim that failure to record the assignment of a note constituted a breach of contract because "the holder of the deed of trust note . . . may transfer the note to another party without recording a new deed of trust . . . in the Land Records" (quoting *In re Williams v. Chevy Chase Bank*, 277 B.R. 78, 81-82 (Bankr. D. Md. 2002))).

Second, the Note contains indorsements sufficient to establish Appellees' right to enforce it. The Note includes indorsements from C&F Mortgage to Franklin American Mortgage Co. and from Franklin American Mortgage Co. to Wells Fargo. The Note also includes an indorsement signed by Wells Fargo's Vice President of Loan Documentation stating "Without recourse pay to the order of," with the space for the payee left blank. Note, ECF No. 8-5 at 19, TDC-19-2270. This is a proper indorsement in blank that renders a note "payable to bearer" and establishes that it "may be negotiated by transfer of possession alone until specially indorsed." *See* Md. Code Ann., Com. Law § 3-205 (providing that where an indorsement specifies the proper payee it is a "special indorsement" and where an indorsement does not do so it is a "blank indorsement"). Though Appellees included with the Proof of Claim an allonge to the Note transferring an interest in the Note from MCM Capital to Newbury Place Ventures, this allonge did not convert the blank indorsement into a special indorsement. Under Maryland law, such a conversion can be completed only "by writing, above the signature of the indorser, words identifying the person to whom the instrument is made payable." Md. Code, Comm. Law § 3-205(c). Where no such writing appears on the Note, Appellees' possession of the blank-indorsed Note entitled them to enforce it. *Deutsche Bank Nat'l Tr. Co. v. Brock*, 63 A.3d 40, 49 (Md. 2013) ("[T]he person in possession of a note, either specially indorsed to that person or indorsed in blank, is a holder entitled generally to enforce that note." (footnote omitted)). Contrary to Green's claim, where there is an indorsement-in-blank, there is no requirement of proof of how Appellees gained possession of the

11

Note. *See id.* at 50; *Thomas v. Nadel*, 48 A.3d 279, 279 n.7 (Md. 2012) ("An indorsement made in blank . . . is payable to bearer and may be negotiated by transfer of possession alone."); *Anderson v. Burson*, 35 A.3d 452, 461-62 (Md. 2011) (holding that the transfer of a note "payable to bearer" is a negotiation of the note, that the recipient is a holder of the note, and that only a nonholder is required to prove each prior transfer through which the note came into the party's possession). Consequently, the Court affirms the bankruptcy court's finding that Appellees submitted *prima facie* evidence of the validity of its Proof of Claim.

### 2.     Objections

Because Appellees' Proof of Claim was *prima facie* evidence of the claim's legitimacy, Green was required to "introduce evidence to rebut the claim's presumptive validity." *In re Harford Sands Inc.*, 372 F.3d at 640. When a bankruptcy court makes a factual determination that the debtor has or has not rebutted that *prima facie* evidence, the determination is reviewed for clear error. *Garner v. Shier* (*In re Garner*), 246 B.R. 617, 619 (B.A.P. 9th Cir. 2000). Here, however, where the bankruptcy court proceeding disposed of Green's Objection on the purely legal grounds that the arguments it understood him to have asserted were unavailable as a matter of Maryland law, the Court reviews these legal conclusions *de novo*. *In re Johnson*, 960 F.2d at 399.

Specifically, the bankruptcy court understood Green's Objection to assert "'wet ink' and 'show me the note' arguments for his proposition that Claimant is not the holder of an enforceable claim." Order at 2, ECF No. 1-1, TDC-19-2270. These terms generally refer to arguments that a note is enforceable only by an individual or entity in possession of the original note with the original signature of the debtor. *See Jones v. Bank of New York Mellon*, No. DKC-13-3005, 2014 WL 3778685, at *4 (D. Md. July 29, 2014). Although Green repeatedly argues in his brief to this Court that he did not make these arguments, the bankruptcy court reasonably interpreted Green's

Objection as doing so, particularly where he asserted that "[t]hese false creditors do not possess the original wet ink mortgage note. I challenge them to produce the original mortgage note." Objection at 5. The bankruptcy court was correct to reject these arguments, as "this Court has repeatedly rejected the 'wet ink' or 'show me the note' argument." *Powell v. Countrywide Bank*, No. PX-16-1201, 2016 WL 5815884, at *5 (D. Md. Oct. 4, 2016); *see, e.g.*, *Jones*, 2014 WL 3778685, at *4. The Court thus affirms the bankruptcy court's rejection of these arguments.

Although the bankruptcy court did not explicitly address Green's other arguments, the Court can affirm its implicit denial of those arguments grounded in a legal determination. Green's claim that Appellees could not enforce the Note because the statute of limitations had run fails as a matter of law. As a claim in equity, a foreclosure action is not subject to the standard statute of limitations, which applies to actions at law. *See Cunningham v. Davidoff*, 53 A.2d 777, 781 (Md. 1947) (applying a rebuttable presumption of payment after 20 years, but no statute of limitations, in mortgage foreclosures); *see also Gibbs v. Nadel*, No. 72 Sept. Term 2018, 2019 WL 1451314, at *1 (Md. Ct. Spec. App. Apr. 1, 2019) (per curiam) (citing *Cunningham* for the rule that "there is no Statute of Limitations in Maryland applicable to the foreclosure of mortgages"). Moreover, because the foreclosure action filed in 2015 remains pending, the statute of limitations on any deficiency claim that could arise following that action has not begun to run. *See* Md. Rule 14-216(b) (providing that motions for deficiency judgments can be made up to three years after the "final ratification of the auditor's report"). So there is no valid claim that Appellees' claim is time-barred.

Many of Green's other claims are based on alleged irregularities associated with the chain of assignments of the Note or the Deed of Trust. He introduced a 2011 document in which Wells Fargo asserts that the Note belonged to the Federal National Mortgage Association. Moreover,

Green claimed that in 2011, Wells Fargo sought to initiate foreclosure proceedings on the Property based on a note different than that presented by Appellees. He also identified an undated, second allonge to the Note transferring it from Newbury Place Ventures to Citibank. Green introduced an October 2014 document executed by an official of MERS purporting to rescind the assignment of the Deed of Trust from C&F Mortgage to Wells Fargo. Finally, he introduced evidence that, even after Appellees purportedly took possession of the Note and Deed of Trust, previous owners continued to attempt to foreclose on the Property. Such evidence does not rebut Appellees' claim because Green lacks standing to challenge the various assignments of the Note and Deed of Trust. State contract law governs whether a plaintiff can challenge a mortgage assignment. *See Wolf v. Fed. Nat'l Mortg. Ass'n*, 512 F. App'x 336, 342 (4th Cir. 2013) (per curiam). In Maryland, only a party or third-party beneficiary to a contract can sue to enforce the terms of that contract. *120 W Fayette St., LLLP v. Mayor & City Council of Balt.*, 43 A.3d 355, 368 (Md. 2012). The intervening assignments do not affect Green's rights in that, regardless of their validity, he "still has an obligation under the note to make payments." *Wolf,* 512 F. App'x at 342. The assignments only affect to whom he must make those payments. Because Green is not a party to, or an intended third-party beneficiary of, any of the allegedly improper assignments, he has no standing to challenge them. *See id.* (finding that the plaintiff did not have standing to challenge the validity of an assignment by MERS). Where Appellees have shown that they possess the blank-indorsed Note, and there is no available challenge to the validity of the assignments of the Deed of Trust, the bankruptcy court properly concluded that Green's arguments relating to the assignments did not rebut the Proof of Claim. *Deutsche Bank Nat'l Tr. Co.*, 63 A.3d at 49-50.

Green, however, also asserted, in a signed declaration, that he was in possession of the original Note and that it was marked "cancelled" in 2012. Objection at 6. Although the bankruptcy

court understood this evidence to be offered in support of Green's "show me the note" argument, Green appears to have asserted a separate argument that the Note submitted by Appellees was itself fraudulent. He explicitly alleges: "The note is false and represents a knowingly false, fraudulently pre-engineered forgery." *Id.* at 5 ("This is not my true signature, this is not the true note I signed in 2007.").

Although the bankruptcy court considered and rejected the claim that the failure to present the original, signed Note invalidated Appellees' claim, it did not address this separate claim that the Note had actually been cancelled and that Appellees were seeking to enforce a fraudulent note. In its order, the bankruptcy court stated only that "Debtor has not put forth evidence to contradict the presumed validity of" Appellees' claim. Order at 2, ECF No. 6-27, 19-2270. Where the Court cannot determine whether this fraud argument was considered, the argument turns on factual determinations, and the bankruptcy court is best positioned to review the available evidence and make a factual finding on whether the evidence of alleged fraud is sufficient to rebut the *prima facie* evidence, the Court will remand this case to the bankruptcy court to do so. *Bate Land Co. LP v. Bate Land & Timber LLC* (*In re Bate Land & Timber LLC*), 877 F.3d 188, 198 (4th Cir. 2017) ("Weighing the competing evidence presented by the parties and arriving at a conclusion is exactly the task that the bankruptcy court must carry out as a fact-finder."). *Cf. Melton v. Moore*, 964 F.2d 880, 882 (9th Cir. 1992) (directing the district court to remand a matter to bankruptcy court to consider whether the creditors had "proved their claim of nondischargeability by a preponderance of the evidence").

### D. Default Judgment

In his reply brief, Green requests that a default judgment be entered against Appellees because "Appellees are literally silent on 99% of the legal issues raised by Mr. Green." Reply Br.

at 8, ECF No. 13, TDC-19-2270. Federal Rule of Civil Procedure 55 provides that default should be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Here, Appellees have filed a brief in opposition to Green's appeal. Especially in light of the "strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits," the Court finds no grounds to enter a default judgment. *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

### E. Motion for Recusal

After filing his reply brief in the 2270 Appeal, Green filed a separate motion asking the Court to order the recusal of the bankruptcy judge presiding over his bankruptcy proceedings pursuant to 28 U.S.C. § 455(a). Green argues that the bankruptcy judge has acted without jurisdiction and as an advocate for his creditors. He also notes that he has filed a civil rights complaint against the bankruptcy judge with United States Department of Justice. As a result, he asserts the judge's impartiality is in question, requiring recusal.

Green's motion is not properly before the Court on this appeal, which is limited to review of the final order issued by the bankruptcy court and asserted in the 2270 Appeal. A motion for recusal must first be filed with the bankruptcy court in the relevant proceedings, which were ongoing at the time of the 2270 Appeal. This Court would only properly address the issue after a ruling by the bankruptcy court and upon a proper appeal of that decision after a final order. The motion will therefore be denied.

To the extent that Green's motion could be construed as simply requesting that the Court direct that this matter, on remand, be assigned to a different bankruptcy judge, the Court will not do so. *See United States v. McCall*, 934 F.3d 380, 384 (4th Cir. 2019) (stating that when an

appellate court remands a case, it "may reassign it to a different judge when 'the appearance of fairness and impartiality is best advanced by reassignment'" (quoting *United States v. Neal*, 101 F.3d 993, 1000 n.5 (4th Cir. 1996))).  In deciding whether to assign a case to a different judge on remand, a court considers "(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously expressed views or findings determined to be erroneous or based on evidence that must be rejected"; "(2) whether reassignment is advisable to preserve the appearance of justice"; and "(3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness." *Id.* (quoting *United States v. Nicholson*, 611 F.3d 191, 217 (4th Cir. 2010)).

Here, the Court has not identified any rulings by the bankruptcy judge that were erroneous or based on evidence that must be rejected.  The Court is remanding solely to allow the bankruptcy court, to the extent it has not already done so, to consider a factual argument by Green and then to make findings relating to that argument.  Reassignment is not required to preserve the appearance of justice.  The mere fact that the bankruptcy judge issued rulings that Green believes were made without legal basis is not grounds for recusal.  *See Ouachita Nat'l Bank v. Tosco Corp.*, 686 F.2d 1291, 1300 (8th Cir. 1982)) ("[A] judge should not disqualify himself solely on the basis of prior judicial rulings made during the course of the litigation."), *adopted on reh'g*, 716 F.2d 485 (8th Cir. 1983).  Nor does Green's initiation of a civil rights complaint against the bankruptcy judge warrant recusal.  *See United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977) ("A judge is not disqualified merely because a litigant sues or threatens to sue him.").  A contrary ruling would contravene the established rule that "[a] motion to recuse . . . is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice."  *White v. Nat'l Football League*, 585 F.3d 1129, 1138 (8th Cir. 2009) (quoting *United States v. Cooley*, 1 F.3d

17

985, 993 (10th Cir. 1993)). *Cf. Standing Comm. on Discipline of U.S. Dist. Court for Cent. Dist. of Cal. v. Yagman*, 55 F.3d 1430, 1443 (9th Cir. 1995) ("[A] party cannot force a judge to recuse himself by engaging in personal attacks on the judge . . . .").

Where this Court is "not bound to accept . . . allegations [of bias] as true," Green's unsubstantiated claims of inappropriate *ex parte* communications between the bankruptcy judge and Appellees also do not support reassignment of the case on remand. *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987). Finally, reassignment of this matter would entail significant waste and duplication of work, as the bankruptcy judge has presided over Green's Chapter 13 bankruptcy proceeding for over a year and has necessarily gained significant familiarity with the relevant issues. *McCall*, 934 F.3d at 385 ("After presiding over lengthy, involved litigation, a district court will likely have useful knowledge that would be difficult for a new judge to acquire."). The Court therefore declines to remand this matter to a different bankruptcy judge.

**III.**     *Green v. Shellpoint Mortgage Servicing*, **TDC-19-3132**

In the 3132 Appeal, Green rehashes many of the same arguments he raised in the 2270 Appeal. The Court need not revisit these arguments because, as Appellees argue, the bankruptcy court correctly dismissed the adversary proceeding for lack of jurisdiction in light of the 2270 Appeal.

"The filing of a notice of appeal is an event of jurisdictional significance." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam). In a standard civil case, filing a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Id.* The effect of filing a notice of appeal in bankruptcy cases is not as straightforward, as "the filing of a notice of appeal does not divest the trial court of jurisdiction over matters or issues not appealed." *See Castaic Partners II,*

*LLC v. Daca-Castaic LLC* (*In re Castaic Partners II, LLC*), 823 F.3d 966, 969 n.3 (9th Cir. 2016). Nevertheless, "when a case is on appeal, all lower courts lose jurisdiction over it and related matters." *Levey v. Sys. Div. Inc.* (*In re Teknek, LLC*), 563 F.3d 639, 650 (7th Cir. 2009). The United States Court of Appeals for the Fifth Circuit has used a "functional test" when deciding whether a notice of appeal divests a bankruptcy court of jurisdiction over certain issues: "once an appeal is pending, it is imperative that a lower court not exercise jurisdiction over those issues which, although not themselves expressly on appeal, nevertheless so impact the appeal so as to interfere with or effectively circumvent the appeal process." *Scopac v. Pacific Lumber Co.* (*In re Scopac*), 624 F.3d 274, 280 (5th Cir. 2010) (quoting *Whispering Pines Estates, Inc. v. Flash Island, Inc.* (*In re Whispering Pines Estates, Inc.*), 369 B.R. 752, 759 (1st Cir. BAP 2007)), *opinion modified on denial of reh'g*, 649 F.3d 320 (5th Cir. 2011); *In re Howes*, 563 B.R. 794, 806-07 (D. Md. 2016) (applying the *Scopac* test).

Here, Green's adversary proceeding was filed the same day that he filed a Notice of Appeal of the ruling on the Proof of Claim, which resulted in the 2270 Appeal. The adversary proceeding raised issues that were largely identical to those at issue in the 2270 Appeal. As already recounted, Green's Objection to the Proof of Claim challenged the legitimacy of the claim that Appellees asserted. In the adversary proceeding, Green did the same thing. Exercising jurisdiction over the adversary proceeding therefore would have run counter to the purpose of the rule that appeals divest lower courts of jurisdiction over issues on appeal: "to avoid the potential confusion and waste of resources from having the same issue before two separate courts at the same time." *In re Silberkraus*, 336 F.3d 864, 869 (9th Cir. 2003). It does not matter that the adversary proceeding, though related, was technically a separate proceeding from the Chapter 13 bankruptcy proceeding; what matters is whether the two proceedings addressed the same issues. *Cf. In re Howes*, 563 B.R.

19

at 806-07 (finding that a bankruptcy court retained jurisdiction to issue two orders despite an ongoing appeal of an adversary proceeding not because the orders were technically in different proceedings but because the claims dealt with different issues).  The Court will therefore affirm the bankruptcy court's order dismissing Green's adversary proceeding for lack of jurisdiction.

## CONCLUSION

For the foregoing reasons, the Order in the 2270 Appeal will be AFFIRMED IN PART and VACATED IN PART, and the case will be REMANDED to the bankruptcy court for further proceedings.  The Order in the 3132 Appeal will be AFFIRMED.  A separate Order shall issue.


Date:  June 25, 2020   /s/ *Theodore D. Chuang*
　　　　　　　　　　　　　　　　　　THEODORE D. CHUANG
　　　　　　　　　　　　　　　　　　United States District Judge